[ 2DALEY, Judge.
Having found that the Fifth Circuit Court of Appeal does not have jurisdiction over this matter, we transfer this appeal to the Louisiana First Circuit Court of Appeal.
This is a workers’ compensation matter that was originally filed in Workers’ Compensation District 9, the district corresponding to the claimant’s domicile at the time of filing (St. Charles Parish). Prior to trial, by Joint Motion to Transfer, the parties requested that matter be transferred to District 6. The parties asserted that 1) the claimant’s domicile at the time of the accident was St. Tammany Parish; 2) the injuries that form the basis of this dispute occurred in St. Tammany Parish; and 3) the employer’s principal place of business is located in St. Tammany Parish. The matter was heard before a Workers’ Compensation Judge in District 6. The Workers’ 13Compensation Judge ruled in favor of the employer and the employee, Mr. Taranto, who filed a Motion for Devol-utive Appeal. The Motion for Appeal requested that the appeal be returnable to the First Circuit Court of Appeal. The First Circuit’s language is crossed out in the submitted Motion and Order and “Fifth Circuit” is written in. For the reasons set forth below we transfer this appeal to the Louisiana First Circuit Court of Appeal.
In workers’ compensation matters, LSA-R.S. 23:1310.4 controls the situs or venue of the proceedings. It reads, in pertinent part:
*2 § 1310.4. Place hearings to be held
A. (1) At the time a claim is initiated with the director, the claimant shall elect the situs of necessary hearings by the workers’ compensation judge.
(2) If the claimant is a domiciliary of the state of Louisiana, he shall be required to elect either the judicial district of the parish of his domicile at the time he sustained his injury, the judicial district of the parish where the injury occurred, or the judicial district of the parish of the principal place of business of the employer.
* * * *
B. After the election has been made as provided above, all future hearings affecting the claimant’s case shall be held in the judicial district so designated unless the workers’ compensation judge, upon agreement by the claimant and the employer, shall transfer such cause for hearing to any other judicial district agreed upon. In addition, hearings may be held in any location if the workers’ compensation judge determines that good cause has been shown.
Further, RS 23:1310.5 sets forth the procedure for taking an appeal from a ruling made by the workers’ compensation judge:
(2) Either party feeling aggrieved by such order, decision, or award shall, after receipt by certified mail of the order, decision, or award, have the right to take an appeal to the circuit court of appeal for the judicial district elected by the claimant upon the filing of the petition. The motion and order for appeal shall be filed with the district office assigned to handle the claim, which shall be responsible for preparation of the record for the appellate court.
|4The statutory language in both LSA-R.S. 23:1310.4 and LSA-R.S. 23:1310.5 makes references to an election of a situs or venue by the claimant. LSA-R.S. 23:1310.4 A(2) requires a claimant who is a domiciliary of the State of Louisiana to elect one of three possible venues: 1) The Judicial District of the Parish of his domicile at the time of injury; 2) the Judicial District of the Parish where the injury occurred; or 3) the Judicial District of the Parish of the principle place of business of the employer. It is clear that the claimant’s domicile at the time of the injury is controlling, not his domicile at the time he files a claim.
In workers’ compensation matters a claim for benefits “shall be initiated by the filing of the appropriate form (LDOL-WC-1008) with the Office of Workers’ Compensation Administration.”[1] Section B(l) of LSA-R.S. 23:1310.3 directs that “Upon receipt of the form, the director shall assign the matters to a district.” Form 1008 provides that the claim form may be filed at the Workers’ Compensation Administration’s Office in Baton Rouge or at one of its nine district offices. Despite the statutory language that the claimant shall be required to make a venue election, there is no place on the LDOL-WC-1008 claim form for a claimant to elect the situs. Without a formal venue or situs election on the initial petition, the Office of Workers’ Compensation is determining situs based on the address of the claimant on the initial LDOL-WC-1008 form.
We write this opinion to attempt to clarify confusion created by the statutory language concerning appellate jurisdiction over workers’ compensation appeals. Both LSA-R.S. 23:1310.4 and LSA-R.S. 23:1310.5 make reference to an election of *3 a Judicial District. The State of Louisiana has 41 Judicial Districts. Generally, when language in a statute refers to a Judicial District it refers to one of these entities. The | ¡¡Office of Workers’ Compensation Administration is a division of the Louisiana Department of Labor. The Workers’ Compensation Administration has created nine regional districts. Each Workers’ Compensation Regional District, except for District 8, encompasses multiple Parishes and multiple Judicial Districts. The geographic boundary of the nine Workers’ Compensation Districts overlap the geographic boundaries of the five Louisiana Court of Appeal Circuits. For instance, the Louisiana Fifth Circuit Court of Appeal has jurisdiction over Judicial Districts that fall within the 6th, 7th, and 9th Workers’ Compensation Districts.
LSA-R.S. 23:1310.5 states that the claimant shall have, “the right to take an appeal to the circuit court of appeal for the judicial district elected by the claimant upon the filing of the petition.” The statutory language in LSA-R.S. 23:1310.4 A(2) and LSA-R.S. 23:1310.5 A(2) is clear that the workers’ compensation claimant shall be required to elect a Judicial District for venue purposes. The Director of Workers’ Compensation Administration shall then assign the matter to the Workers’ Compensation District that the elected Judicial District falls within. The claimant shall then have a right to take an appeal to the Circuit Court of Appeal having authority over the Judicial District elected by the claimant. The appeal does not go to the Court of Appeal that has jurisdiction over the location where the workers’ compensation hearing took place or to the Appellate Circuit that has jurisdiction over the address listed by the claimant on his 1008 form.
However, in the case before us, given the Joint Motion to Transfer, which affirmatively states that St. Tammany Parish has ALL of the relevant RS 23:1310.4 contacts, we transfer this appeal to the First Circuit, as per RS 23:1310.5-and Louisiana Code of Civil Procedure art. 2162, which provides:
|fiIf an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe ...
This appeal is therefore transferred to the First Circuit Court of Appeal. The Clerk of Court of the Fifth Circuit Court of Appeal is ORDERED to deliver the appellate record to the Clerk of Court of the First Circuit Court of Appeal.
APPEAL TRANSFERRED.

. LSA-R.S. 23:1310.3.